RIKES, A DIVISION OF FEDERATED DEPARTMENT STORES, INC., Plaintiff,

v.

Tambra Lee HENDERSON, aka Tammy L. Henderson, Defendant.

In the Matter of Tambra Lee HENDERSON, aka Tammy L. Henderson, Debtor.

Bankruptcy No. 3–81–01895.
Adv. No. 3–81–0505.

United States Bankruptcy Court, S. D. Ohio, W. D.

Jan. 22, 1982.

George W. Ledford, Englewood, Ohio, Trustee.

George Houck, Dayton, Ohio, for plaintiff.

Donald F. Harker, III, Dayton, Ohio, for debtor.

## DECISION AND ORDER

CHARLES A. ANDERSON, Bankruptcy Judge.

This case is before the Court upon Complaint for relief from automatic stay filed by Rikes, a Division of Federated Department Stores, Inc. on 11 August 1981 and the answer filed in behalf of Tambra Lee Henderson on August 28, 1981. The material facts are not complicated and in dispute. The Debtor filed a voluntary petition under Chapter 13 on 8 July 1981. Previous to that time, the Plaintiff Rikes had obtained a judgment in replevin on 3 April 1981 in the Municipal Court of the City of Dayton. The property involved is household goods described as "an 8 piece modular pit group (upholstered furniture) with 3–corner unit, two armless units, and 3 ottomans" purchased 22 June 1980 for $1,966.99 including taxes. The judgment in replevin from the Municipal Court granted possession to the Plaintiff, or in the alternative granted a monetary judgment against the Defendant in the amount of $1,253.98.

At the time of the filing of the bankruptcy petition, Defendant Henderson was still in possession of the personalty in question.

The debtor's plan generally provides for payment of all secured claims on a prorata basis over a period of 36 months, plus interest at 12% per annum, or the contract rate, whichever is lower, until paid in full, and the unsecured claims approximately 37 percent thereafter. On 3 August 1981 Rike's filed an objection to the valuation of the collateral at issue as scheduled by the debtor in the amount of $600.00, alleging that "said property is reasonably worth the value of $1,200.00." The evidence adduced does not justify a sound finding as to valuation. The witness for Rike's had not viewed the collateral and based an opinion on valuation by deducting 40% after the first year of use concluding a "retail value" of $1,200.00. The debtor testified that there was defective material in the cushions, faulty rollers, buttons coming off after one month usage, etc. Debtor concluded she has no real idea of its value, but opined it could be worth perhaps $600.00 to $800.00. On several occasions, debtor tendered payments to Plaintiff for the collateral at issue, which payments were refused by plaintiff because the debtor was also delinquent on another account.

## DECISION

Plaintiff argues that "it is entitled to possession...by virtue of a default judgment in replevin obtained against defendant in the Dayton Municipal Court some three months prior to defendant's filing of her petition under Chapter XIII [sic] of the Code, and that by reason of such judgment the plaintiff should be permitted to pursue its remedies for execution under the provisions of Rule 70 of the Ohio Rules of Civil Procedure.... Alternatively, plaintiff seeks relief from the stay on the ground that defendant has no equity in the secured property."

It should be noted that a replevin action only resolves the question of the right to possession. In the same vein, the complaint for relief from the automatic stay of 11 U.S.C. § 362(d) also raises the question of the right to possession. Obviously, until the writ of replevin has been

executed, actual possession has not changed and action thereon is stayed.

Since the Defendant was still in possession on the date that the automatic stay attached, the questions raised are typical Bankruptcy Court questions and not the right to monetary judgment or other relief.

 The judgment of the Municipal Court should be, and is, considered *res judicata* as to the question of monetary damages. The action of replevin, however, is a separate and distinct cause of action which determines only that a writ of possession (replevin) be issued and returned. The writ as such does not effect possession until duly served and executed, which was never accomplished. The judgment in replevin is *res judicata* only as to matters adjudicated and the issues made. Since the right of possession of Plaintiff in the state court and the right in the context of bankruptcy case administration are not the same issues, the mere issuance of the writ, as stayed, does and cannot constitute a determination of such bankruptcy court issues as adequate protection.

The judgment of the state court is not under collateral attack. Replevin actions (statutory in Ohio) litigate only the right of possession at a particular time frame. See *66 Am.Jur.2d Replevin §§ 1–3 et seq.* for encyclopedic treatment of the subject. Rather, the issue now is whether the stay should be lifted to allow execution upon the judgment. "The judgment in an action of replevin is *res judicata* as to every matter adjudicated by it, but, as in the case of any other judgment, its effect depends to some extent upon the issues made." *32 O Jur.2d Judgments § 290, citing Freeman on Judgments, 5th ed. § 842 p. 1876.*

Upon default, plaintiff had the contract right to possession under the security agreement. The replevin action did not alter the respective rights of the parties in this regard; but, the debtor still retains possession subject to payment of a monetary judgment. The bankruptcy court jurisdiction does not alter, but perpetuates, this existing status to afford protection to all interests conformably to the purpose of the 11 U.S.C.

§ 362 stay. The possession of the collateral confers a statutory medium for payment of plaintiff's judgment.

Hence, the primary question to be resolved is whether or not the lien of Plaintiff provides adequate protection in the bankruptcy law context. This question is a federal law question that has not been resolved by the state court action.

Inasmuch as the monetary judgment does constitute *res judicata*, even though the determination of a right to possession in plaintiff which has never been implemented by a return of a writ of replevin does not, the elements of adequate protection has been altered thereby. The terms of debtor's proposed plan are crucial.

Bad faith on the part of debtor in evoking the automatic stay after suffering a default judgment in the state court is not evident in light of the fact that efforts were made to pay plaintiff, which payments were arbitrarily refused.

 The plan, however, attempts to reduce the contract rate of interest on the value of the collateral and thereby defeat the monetary judgment entered in the state court. If the right to possession is to be reexamined in the bankruptcy court, the proposed plan cannot alter the terms of the monetary judgment. Even though no informal decision can be rendered from the evidence as to the valuation of the collateral confirmation of the proposed Plan must be denied because of the failure to provide the indubitable equivalent and of adequate protection conformably to the requirements of 11 U.S.C. § 361. See decision of this Court in *General Motors Acceptance Corporation v. Anderson,* 6 B.R. 601, 6 B.C.D. 1155, (Bkrtcy.S.D.Ohio) which is followed herein, reiterating that this Court does not subscribe to the principal of dictating a "discount rate" for the plan of a debtor as followed in the well reasoned opinion *In the Matter of Hyden,* 10 B.R. 21, 6 B.C.D. 1392 (Bkrtcy.S.D.Ohio) and the cases so meticulously digested therein. The only function of a bankruptcy court is to determine whether or not a proposed plan meets statu-

tory muster to obtain indubitable equivalence for court confirmation; and, it is only the debtor in Chapter 13 who propounds a Plan.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that confirmation of Debtor's proposed Plan is DENIED. IT IS FURTHER ORDERED that Debtor is GRANTED two weeks LEAVE to file an amended plan, and that, contingent on the filing of an amended plan, Plaintiff's request for relief from the automatic stay of 11 U.S.C. § 362 is hereby DENIED for lack of evidence of inadequate protection.